Filed 4/21/23  P. v. Rodriguez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080612 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF132924) |
| SERGIO RODRIGUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Sergio Rodriguez, in pro. per.; and Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2009, a jury convicted Sergio Rodriguez and a codefendant of attempted murder (Pen. Code,[1] §§ 664/187, subd. (a)).  The jury also found Rodriguez and codefendant Salvador Munguia were principals in the offense and that at least one of the principals intentionally discharged a firearm

---

[1]     All further statutory references are to the Penal Code.

causing great bodily injury (§ 12022.53, subd. (d)). Rodriguez was sentenced to a seven-year term consecutive to a 25 year-to-life term for the firearm enhancement.

Rodriguez appealed and this court affirmed his conviction and sentence in an unpublished opinion. (*People v. Munguia et al.* (Dec. 21, 2010, D056080).)

In 2022, Rodriguez filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6).

The court appointed counsel, received briefing, and held a hearing. The court denied the petition, finding the record demonstrated the jury found Rodriguez was the actual shooter and that he was not convicted on a natural and probable consequences theory of liability.

Rodriguez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record consistent with *Wende.* We offered Rodriguez the opportunity to file his own brief on appeal and he has responded by filing a supplemental brief. We will address Rodriguez's submission later in this opinion.[2]

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a possible issue that was considered in evaluating the potential

---

[2] The facts of the offense are set forth in our prior opinion. We will not repeat them here.

2

merits of this appeal: Whether the court erred in relying on this court's prior opinion to determine that Rodriguez was the actual "shooter."

In his supplemental brief, Rodriguez requests the court to take judicial notice of our records in *People v. Munguia et al., supra*, D056080, we grant that request. Rodriquez complains on the one hand the court should not have relied on our statement of facts. On the other hand, Rodriguez complains the trial court should have addressed the discussion of harmless error which took place at the original trial and the trial court's failure to instruct on attempted voluntary manslaughter. We found any error to be harmless. We do not find the question of harmless error regarding a lesser offense to be relevant to the dismissal of the postjudgment petition for resentencing under section 1172.6. Finally, Rodriguez argues even if he was the "shooter," the court should have considered his mental state at the time of the shooting.

The supplemental brief does not raise any arguable issues for reversal of the order denying the petition for resentencing.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Rodriguez on this appeal.

3

DISPOSITION

The order denying Rodriguez's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


DATO, J.